# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ELIZABETH OZENE and § | | |
| JEFFERY OZENE § | | PLAINTIFFS |
| § | | |
| V. § | | Civil No. 1:09CV183HSO-JMR |
| § | | |
| LABORATORY CORPORATION § | | |
| OF AMERICA § | | DEFENDANT |

## ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS PLAINTIFFS' AMENDED COMPLAINT, OR IN THE ALTERNATIVE, TO STRIKE JURY DEMAND

Before the Court are the Motions [11], [14] to Dismiss Plaintiffs' Amended Complaint, or in the alternative, to Strike Jury Demand, filed on June 1, 2009, and June 2, 2009, respectively, by Defendant Laboratory Corporation of America ("LabCorp"). Plaintiffs filed a Response [17] and Defendant filed a Rebuttal [19]. After consideration of the submissions of the parties, the record in this case, and the relevant law, the Court finds that Defendant's Motions should be denied.

Plaintiffs filed their Complaint on February 23, 2009. A Case Management Conference (CMC) was held on April 29, 2009, at which time neither party had made a formal jury demand.[1] The Case Management Order scheduled the case for a

---

[1] Plaintiffs indicated on their civil cover sheet, which was attached to the Complaint, that the trial would proceed by jury. *See* Pls.' Resp. at p. 1. Uniform Local Rule 38.1 states that:

> [a] demand for jury trial shall be made in accordance with Fed. R. Civ. P. Rule 38(b). A designation of jury trial on the civil cover sheet shall not be sufficient for purposes of this rule.

non-jury trial. Plaintiffs filed a Motion [6] to Amend their Complaint on April 29, 2009, which was granted as unopposed. Plaintiffs filed their Amended Complaint on May 12, 2009. The Amended Complaint included a jury demand. Defendant requests that the Court dismiss Plaintiffs' Amended Complaint, or alternatively strike the jury demand, on grounds that the proposed Amended Complaint attached to Plaintiffs' Motion to Amend did not request a jury trial, and that Plaintiffs' jury request was untimely and therefore has been waived.

Federal Rule of Civil Procedure 38 requires that a jury demand be made by "serving the other parties with a written demand–which may be included in a pleading–no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. 38(b)(1). The failure of a party to serve and file a demand as required by Rule 38 constitutes a waiver by the party of trial by jury. *See* FED. R. CIV. P. 38(d). However, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." FED. R. CIV. P. 39(b); *see also* UNIFORM LOCAL RULE 38.1(B) ("A request for a jury otherwise presented will be addressed to the sound judicial discretion of the court."). Under the law of this Circuit, where an untimely jury demand has been made the Court may exercise its Rule 39(b) discretion in the absence of a Rule 39 motion. *See Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964) (holding that it is not reversible error for a district court to exercise its discretion under Rule 39 where a jury demand is made, but no motion is filed).

"[W]hen the discretion of the court is invoked under Rule 39(b), the court

should grant a jury trial in absence of strong and compelling reasons to the contrary." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (*citing Swofford*, 336 F.2d at 409). A Rule 39(b) request for trial by jury "should be favorably received unless there are persuasive reasons to deny it." *Id.* (*quoting United States v. Unum*, 658 F.2d 300, 303 (5th Cir. 1981).

In determining whether to exercise discretion under Rule 39(b), district courts should consider five factors: (1) whether the case involves issues best tried by a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *Id.* (*citing Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)). In applying these factors to the case *sub judice*, the Court finds that Defendant's Motions should be denied and the case should be tried by a jury.

This case involves LabCorp's alleged negligence in failing to diagnose Elizabeth Ozene with endometrial cancer in a timely manner. Because negligence cases are typically within the province of a jury, the first factor weighs in favor of a trial by jury. Plaintiffs sought to amend within the May 29, 2009, deadline set forth in the Case Management Order. Discovery has not yet taken place, and the trial of this matter is not scheduled to commence until August 3, 2010. The Court finds that there has been minimal disruption to its schedule or that of LabCorp. The

Court is also of the opinion that LabCorp would suffer minimal prejudice, if any, by permitting the case to proceed with a jury. The second and third factors weigh in favor of trial by jury.

As to the fourth factor, Plaintiffs filed their jury demand approximately two and a half months after filing their original Complaint. Though not timely, other courts within this Circuit have allowed such demands where the length of delay has been greater. *See Camacho v. State of Mississippi*, No. 3:06cv54, 2006 WL 3246439, at * 2 (N.D. Miss. Nov. 8, 2006) (allowing a jury trial where Plaintiffs waited six months before making their demand). Considering the present procedural posture of this case, Plaintiffs' demand is "clearly not a delaying tactic brought on the eve of trial." *See Daniel Int'l Corp.*, 916 F.2d at 1065.

In support of the fifth factor, Plaintiffs submit that their tardiness was based on "their belief that the jury demand had, in fact been made in the original Complaint." Mem. in Supp. of Pls.' Resp. at p. 5. Under the law of this Circuit, "[i]t is not an abuse of discretion by a District Judge to deny a Rule 39(b) motion...when the failure to make a timely jury demand results from mere inadvertence on the part of the moving party." *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 873 (5th Cir. 1991) (*quoting Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970)). "However, district courts in this circuit have granted Rule 39(b) motions despite the fact that Plaintiff's rationale for not filing a timely jury demand was mere inadvertence." *Camacho*,

2006 WL 3246439, at * 2 (*citing Tovar v. Target Corp.*, No. SA04CA0557XR, 2005 WL 3447752, at *3 (W.D. Tex. Nov. 15, 2005)); *see also Herkner v. Argo-Tech Corp. Costa Mesa*, No. H-06-2491, 2007 WL 2274406, at *2 (S.D. Tex. Aug. 8, 2007).

The Court finds and concludes that the five factors articulated by the Fifth Circuit weigh in favor of permitting Plaintiffs' jury demand. Because the Court does not find strong and compelling reasons to strike the demand, this case will proceed as a trial by jury. Defendant's Motions will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motions [11], [14] to Dismiss Plaintiffs' Amended Complaint, or in the alternative, to Strike Jury Demand, filed on June 1, 2009, and June 2, 2009, respectively, by Defendant Laboratory Corporation of America, are hereby **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 17th day of July, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE